The Honorable Thomas Zilly

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| DERWIN ROBINSON, | NO. 2:21-cv-00473-TSZ |
| Plaintiff, | STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES |
| v. | |
| DEPARTMENT OF CORRECTIONS; KING COUNTY; and individually, ROSIE BRISTER, DWIGHT HASTINGS, ROBERT HERRERA, JULIE JOHNSON, TYLER KARVONEN, ELISA KUMAR, ERIN RYLANDS, MICHAEL SCHEMNITZER, ERIN WESTFALL, and Defendants DOE 1-10, | JURY DEMAND |
| Defendants. | |

COMES NOW Defendant State of Washington, Department of Corrections, Rosie Brister, Robert Herrera, Julie Johnson, Dwight Hastings, Tyler Karvonen, Elisa Kumar, Erin Rylands, Michael Schemnitzer, and Erin Westfall ("State Defendants") by and through counsel of record, and, by way of Answer to Plaintiff Derwin Robinson's Complaint for Damages ("Complaint"), admit, deny, and allege as follows.

STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
2:21-cv-00473-TSZ

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

Of note, Plaintiff first filed a "COMPLAINT FOR DAMAGES" on April 13, 2021. Dkt. 4. Then, to correct the caption and confirm the pleading of Dwight Hastings as a Defendant, under a "PRAECIPE," Plaintiff filed another "COMPLAINT FOR DAMAGES" of June 1, 2021. Dkt. 20. These two complaints are practically identical. However, the addition of paragraph 7 in the second filed Complaint results in different numbering. For the sake of clarity, State Defendants confirm that this Answer uses the numbering of the second filed Complaint from June 1, 2021.

## I.   INTRODUCTION

1.   Paragraph 1 of the Complaint alleges legal conclusions, not factual averments, for which State Defendants need not answer. To the extent a response is required, State Defendants deny paragraph 1 of the Complaint.

## II.   PARTIES

2.   State Defendants admit that Plaintiff was incarcerated with the Department of Corrections. State Defendants lack sufficient information to admit or deny that Plaintiff is a citizen of Texas and therefore deny the same. To the extent not admitted here, State Defendants deny Paragraph 2 of the Complaint.

3.   Paragraph 3 of the Complaint alleges legal conclusions, not factual averments, for which State Defendants need not answer.

4.   Paragraph 4 of the Complaint alleges legal conclusions, not factual averments, for which State Defendants need not answer. To the extent a response is required, State Defendants deny paragraph 4 of the Complaint.

5.   Paragraph 5 of the Complaint alleges legal conclusions, not factual averments, for which State Defendants need not answer. State Defendants lack sufficient information to admit or deny that King County's policies caused unlawful detention and therefore deny the same. To the extent further response is required, State Defendants deny paragraph 5 of the Complaint.

/ / /

STATE DEFENDANTS' ANSWER
AND AFFIRMATIVE DEFENSES
2:21-cv-00473-TSZ

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

6. State Defendants admit Rosie Brister was a Correctional Records Technician (CRT) with Washington Corrections Center (WCC). To the extent not admitted here, State Defendants lack sufficient information to admit or deny paragraph 6 of the Complaint and therefore deny the same.

7. State Defendants admit Dwight Hastings was a Hearings Officer employed by DOC. To the extent not admitted here, State Defendants lack sufficient information to admit or deny paragraph 7 of the Complaint and therefore deny the same.

8. State Defendants admit Robert Herrera was a Community Corrections Officer (CCO) employed by DOC. To the extent not admitted here, State Defendants lack sufficient information to admit or deny paragraph 8 of the Complaint and therefore deny the same.

9. State Defendants admit Julie Johnson was a Correctional Records Supervisor (CRS) at WCC. To the extent not admitted here, State Defendants lack sufficient information to admit or deny paragraph 9 of the Complaint and therefore deny the same.

10. State Defendants admit Tyler Karvonen was an office assistant at WCC Records Unit. To the extent not admitted here, State Defendants lack sufficient information to admit or deny paragraph 10 of the Complaint and therefore deny the same.

11. State Defendants admit Elisa Kumar was a CCO employed by DOC. To the extent not admitted here, State Defendants lack sufficient information to admit or deny paragraph 11 of the Complaint and therefore deny the same.

12. State Defendants admit Erin Rylands was a CCO employed by DOC. To the extent not admitted here, State Defendants lack sufficient information to admit or deny paragraph 12 of the Complaint and therefore deny the same.

13. State Defendants admit Michael Schemnitzer was a Community Corrections Supervisor (CCS). To the extent not admitted here, State Defendants lack sufficient information to admit or deny paragraph 13 of the Complaint and therefore deny the same.

/ / /

STATE DEFENDANTS' ANSWER
AND AFFIRMATIVE DEFENSES
2:21-cv-00473-TSZ

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

14. State Defendants admit Erin Westfall was a CCO employed by DOC. To the extent not admitted here, State Defendants lack sufficient information to admit or deny paragraph 14 of the Complaint and therefore deny the same.

15. State Defendants lack sufficient information to admit or deny paragraph 15 of the Complaint and therefore deny the same.

16. State Defendants lack sufficient information to admit or deny paragraph 16 of the Complaint and therefore deny the same.

### III. JURISDICTION AND VENUE

17. Paragraph 17 of the Complaint alleges legal conclusions, not factual averments, for which State Defendants need not answer.

18. Paragraph 18 of the Complaint alleges legal conclusions, not factual averments, for which State Defendants need not answer.

19. State Defendants admit that most of the events at issue occurred in Mason and King Counties. Paragraph 19 of the Complaint otherwise alleges legal conclusions, not factual averments, for which State Defendants need not answer. To the extent a further response is required or not admitted here, State Defendants deny paragraph 19 of the Complaint.

20. State Defendants admit that the Department of Enterprise Services received from Plaintiff, through counsel, a tort claim on September 30, 2020 and that greater than 60 days have since passed. State Defendants lack sufficient information to admit or deny that King County received a tort claim on December 18, 2020 and therefore deny the same. Paragraph 20 of the Complaint otherwise alleges legal conclusions, not factual averments, for which State Defendants need not answer. To the extent a further response is required or not admitted here, State Defendants deny paragraph 20 of the Complaint.

### IV. FACTS

21. State Defendants lack sufficient information to admit or deny whether Plaintiff was criminally charged with violating a no contact order on October 23, 2016—as opposed to a

STATE DEFENDANTS' ANSWER
AND AFFIRMATIVE DEFENSES
2:21-cv-00473-TSZ

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

different date—and therefore deny the same. State Defendants otherwise admit Paragraph 21 of the Complaint.

22. State Defendants deny paragraph 22 of the Complaint.

23. State Defendants admit that Plaintiff's 2016 criminal case under King County Superior Court Cause No. 16-1-06753-7 went to trial with a judge as fact-finder, that said judge found Plaintiff guilty of felony violation of a no contact order, and that said judge sentenced Plaintiff to 60 months confinement. To the extent not admitted here, State Defendants lack sufficient information to admit or deny paragraph 23 of the Complaint and therefore deny the same.

24. State Defendants deny paragraph 24 of the Complaint.

25. State Defendants lack sufficient information to admit or deny paragraph 25 of the Complaint and therefore deny the same.

26. State Defendants lack sufficient information to admit or deny paragraph 26 of the Complaint and therefore deny the same.

27. State Defendants admit that Plaintiff was transported to Washington Corrections Center (WCC). To the extent not admitted here, State Defendants lack sufficient information to admit or deny paragraph 27 of the Complaint and therefore deny the same.

28. State Defendants lack sufficient information to admit or deny paragraph 28 of the Complaint and therefore deny the same.

29. State Defendants lack sufficient information to admit or deny paragraph 29 of the Complaint and therefore deny the same.

30. State Defendants lack sufficient information to admit or deny paragraph 30 of the Complaint and therefore deny the same.

31. State Defendants admit that Plaintiff was released on June 27, 2019. To the extent not admitted here, State Defendants lack sufficient information to admit or deny paragraph 31 of the Complaint and therefore deny the same.

STATE DEFENDANTS' ANSWER
AND AFFIRMATIVE DEFENSES
2:21-cv-00473-TSZ

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

32. State Defendants lack sufficient information to admit or deny paragraph 32 of the Complaint and therefore deny the same.

33. State Defendants deny paragraph 33 of the Complaint.

34. State Defendants deny paragraph 34 of the Complaint.

35. State Defendants admit that Washington State Penitentiary's (WSP) Tammy Scott actively worked to effectuate Plaintiff's release. To the extent not admitted here, State Defendants deny paragraph 35 of the Complaint.

36. State Defendants admit that on June 21, 2019 a criminal Judgment and Sentence was entered for Plaintiff in King County Superior Court under Cause No. No. 16-1-06753-7. To the extent not admitted here, State Defendants lack sufficient information to admit or deny paragraph 36 of the Complaint and therefore deny the same.

37. State Defendants admit that June 27, 2019 was a Thursday and that Plaintiff reported to his Community Custody Officer (CCO) on June 28, 2019. To the extent not admitted here, State Defendants lack sufficient information to admit or deny paragraph 37 of the Complaint and therefore deny the same.

38. State Defendants deny paragraph 38 of the Complaint.

39. State Defendants deny paragraph 39 of the Complaint.

40. State Defendants deny paragraph 40 of the Complaint.

41. State Defendants deny paragraph 41 of the Complaint.

42. State Defendants deny paragraph 42 of the Complaint.

43. State Defendants deny paragraph 43 of the Complaint.

44. State Defendants admit that, on June 27, 2019, Tammy Scott forwarded to Robert Herrera an email—the contents of which include "**IMMEDIATE RELEASE DUE TO CHANGE IN SENTENCE**"—and that Robert Herrera responded "Sounds good. Thanks Tammy." To the extent not admitted here, State Defendants deny paragraph 44 of the Complaint.

45. State Defendants deny paragraph 45 of the Complaint.

STATE DEFENDANTS' ANSWER
AND AFFIRMATIVE DEFENSES
2:21-cv-00473-TSZ

6

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

46. Paragraph 46 of the Complaint alleges legal conclusions, not factual averments, for which State Defendants need not answer. To the extent a response is required, State Defendants deny paragraph 46 of the Complaint.

47. State Defendants deny paragraph 47 of the Complaint.

48. State Defendants deny paragraph 48 of the Complaint.

49. State Defendants deny paragraph 49 of the Complaint.

50. State Defendants deny paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint alleges legal conclusions, not factual averments, for which State Defendants need not answer. To the extent a response is required, State Defendants deny paragraph 51 of the Complaint.

52. State Defendants deny paragraph 52 of the Complaint.

53. State Defendants deny paragraph 53 of the Complaint.

54. State Defendants lack sufficient information to admit or deny paragraph 54 of the Complaint and therefore deny the same.

## V.  FEDERAL CAUSES OF ACTION

### FIRST CLAIM

55. State Defendants deny paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint alleges legal conclusions, not factual averments, for which State Defendants need not answer. To the extent a response is required, State Defendants lack sufficient information to admit or deny paragraph 56 of the Complaint and therefore deny the same.

57. Paragraph 57 of the Complaint alleges legal conclusions, not factual averments, for which State Defendants need not answer. To the extent a response is required, State Defendants lack sufficient information to admit or deny paragraph 57 of the Complaint and therefore deny the same.

///

STATE DEFENDANTS' ANSWER
AND AFFIRMATIVE DEFENSES
2:21-cv-00473-TSZ

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1  58.  State Defendants lack sufficient information to admit or deny paragraph 58 of the Complaint and therefore deny the same.

### SECOND CLAIM

59.  State Defendants deny paragraph 59 of the Complaint.

60.  Paragraph 60 of the Complaint alleges legal conclusions, not factual averments, for which State Defendants need not answer. To the extent a response is required, State Defendants deny paragraph 60 of the Complaint.

61.  Paragraph 61 of the Complaint alleges legal conclusions, not factual averments, for which State Defendants need not answer. To the extent a response is required, State Defendants deny paragraph 60 of the Complaint.

### THIRD CLAIM

62.  State Defendants deny paragraph 62 of the Complaint.

63.  State Defendants deny paragraph 63 of the Complaint.

64.  State Defendants deny paragraph 64 of the Complaint.

65.  State Defendants deny paragraph 65 of the Complaint.

66.  State Defendants deny paragraph 66 of the Complaint.

### FOURTH CLAIM

67.  State Defendants lack sufficient information to admit or deny paragraph 67 of the Complaint as to King County or its employees and therefore deny the same. State Defendants otherwise deny paragraph 67 of the Complaint.

68.  State Defendants deny paragraph 68 of the Complaint.

### VI.   STATE CAUSES OF ACTION
### FIFTH CLAIM

69.  State Defendants deny paragraph 69 of the Complaint.

/ / /

/ / /

STATE DEFENDANTS' ANSWER
AND AFFIRMATIVE DEFENSES
2:21-cv-00473-TSZ

8

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

## SIXTH CLAIM

70. Paragraph 70 of the Complaint alleges legal conclusions, not factual averments, for which State Defendants need not answer. To the extent a response is required, State Defendants lack sufficient information to admit or deny paragraph 70 of the Complaint as to King County or its employees and therefore deny the same. State Defendants otherwise deny paragraph 70 of the Complaint.

## SEVENTH CLAIM

71. Paragraph 71 of the Complaint alleges legal conclusions, not factual averments, for which State Defendants need not answer. To the extent a response is required, State Defendants deny paragraph 71 of the Complaint.

## EIGHTH CLAIM

72. State Defendants deny paragraph 72 of the Complaint.

### VII.   RELIEF SOUGHT

73. Paragraph 73 of the Complaint sets forth a demand, not factual averments, for which State Defendants need not answer.

74. Paragraph 74 of the Complaint sets forth a request, not factual averments, for which State Defendants need not answer. To the extent a response is required, State Defendants deny paragraph 74 of the Complaint.

75. Paragraph 75 of the Complaint sets forth a request, not factual averments, for which State Defendants need not answer. To the extent a response is required, State Defendants deny paragraph 75 of the Complaint.

76. Paragraph 76 of the Complaint sets forth a reservation, not factual averments, for which State Defendants need not answer. To the extent a response is required, State Defendants deny paragraph 76 of the Complaint.

/ / /

/ / /

STATE DEFENDANTS' ANSWER
AND AFFIRMATIVE DEFENSES
2:21-cv-00473-TSZ

9

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

77. Paragraph 77 of the Complaint sets forth a request, not factual averments, for which State Defendants need not answer. To the extent a response is required, State Defendants deny paragraph 77 of the Complaint.

## VIII.   AFFIRMATIVE DEFENSES AND PRAYER OF STATE DEFENDANTS

By Way of FURTHER ANSWER and AFFIRMATIVE DEFENSES, State Defendants allege:

### RIPENESS

A. **Exhaustion**. Plaintiff has failed to exhaust administrative remedies or plaintiff's remedy is administrative rather than judicial and therefore the action will not lie.

B. **Preclusion**. The doctrines of res judicata and collateral estoppel preclude Plaintiff from re-litigating his state cases in federal court.

C. *Heck* **Doctrine**. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), Plaintiff fails to bring cognizable claims absent a prior determination that his confinement was, in fact, invalid.

D. *Rooker-Feldman* **Doctrine**. Under *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), Plaintiff fails to bring cognizable claims as he alleges injuries from state rulings rendered prior to the commencement of these district court proceedings, thus inviting district court review and rejection of those state rulings.

E. **PLRA**. The Prison Litigation Reform Act bars this action and/or limits any recovery, including costs and fees.

### FAULT

F. **Contributory Fault**. To the extent Plaintiff's own conduct caused or contributed to his alleged injuries and damages, his recovery, if any, must be proportionately reduced.

G. **Co-Defendants at Fault**. The injuries and/or damages being claimed were proximately caused by the fault of a party for whom State Defendants are not responsible.

STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
2:21-cv-00473-TSZ

10

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

H. **Intentional Misconduct**. To the extent Plaintiff's damages, if any, were caused by intentional conduct of non-parties, such damages must be segregated from damages allegedly caused by fault.

I. **Failure to Mitigate**. To the extent discovery reveals Plaintiff has failed to mitigate his damages in this case, his recovery, if any, must be proportionately reduced.

## IMMUNITY

J. **11th Amendment**. The State of Washington, its agencies and agents, are not subject to civil suit for damages under the Eleventh Amendment of the Constitution of the United States.

K. **Immunity**. State Defendants acted in good faith throughout, and are thus immunized from this suit and Plaintiff's claims—including by both federal and state absolute, discretionary, quasi, qualified, and statutory immunity. Such statutes include RCW 10.99.070, RCW 10.31.100, and RCW 9.94A.737.

## OTHER

L. **Probable Cause**. The existence of probable cause is a complete defense to Plaintiff's claims.

M. **Failure to State a Claim**. Plaintiff has failed to state a claim upon which relief may be granted.

WHEREFORE, having fully answered the allegations of the Complaint and having alleged affirmative defenses, State Defendants pray: that Plaintiff's Complaint be dismissed, in its entirety, with prejudice, and that he takes nothing thereby; for an award of State Defendants' attorneys' fees and costs to the fullest extent allowed by law or in equity; and for such other and further relief as the Court deems just and equitable.

/ / /

/ / /

/ / /

/ / /

STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
2:21-cv-00473-TSZ

11

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

### IX. JURY DEMAND

In accordance with Federal Rule of Civil Procedure 38, State Defendants demand trial by jury.

DATED this 10th day of June, 2021.

        ROBERT W. FERGUSON
        Attorney General

        */s/ Bryan Williams*
        BRYAN R. WILLIAMS, WSBA No. 47178
        Assistant Attorney General
        Office of the Attorney General
        800 Fifth Avenue, Suite 2000
        Seattle, WA 98104
        Telephone: (206) 464-7744
        Fax: (206) 587-4229
        Email: Bryan.Williams@atg.wa.gov
        *Attorney for State Defendants*

STATE DEFENDANTS' ANSWER
AND AFFIRMATIVE DEFENSES
2:21-cv-00473-TSZ

12

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

# CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing to be served on the following persons in the manner indicated on this 10th day of June 2021.

☒ CM/ECF SYSTEM:

Jackson Millikan, WSB# 47786
Millikan Law Firm
2540 Kaiser Rd NW
Olympia, WA 98502
Telephone: (360) 866.3556
Jackson@MillikanLawFirm.com
records@millikanlawfirm.com
*Attorney for Plaintiff*

Amanda S. Froh, WSBA #34045
King County Prosecuting Attorney
500 Fourth Ave., 9th Floor
Seattle, WA 98104
Telephone: (206) 296-8820
Fax: (206) 296-8819
amanda.froh@kingcounty.gov
rmunozcintron@kingcounty.gov
karen.richardson@kingcounty.gov
*Attorney for Defendant King County*

/s/ Bryan Williams
BRYAN R. WILLIAMS, WSBA No. 47178
Assistant Attorney General
Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Telephone: (206) 464-7744
Fax: (206) 587-4229
Email: Bryan.Williams@atg.wa.gov
*Attorney for State Defendants*

STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
2:21-cv-00473-TSZ

13

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352