UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DERWIN SHELDON ROBINSON,

Plaintiff,

v.

DEPARTMENT OF CORRECTIONS, et al.,

Defendants.

C21-473 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The stipulation of dismissal, docket no. 39, as to Defendant King County is GRANTED. Defendant King County is DISMISSED from this action with prejudice and without costs or attorney's fees.

(2) Plaintiff's motion, docket no. 35, to file a first amended complaint ("FAC") is DENIED in part and GRANTED in part, as follows.

(3) Plaintiff's motion is DENIED without prejudice as to the addition of the following proposed defendants: (a) Jack Eagle; (b) John Lee; (c) Martin Miller; (d) Tonya Boykin; (e) Brandon Francisco; (f) Alvin Gaddy; (g) Russel Harold; (h) Robert Marze; (i) Jason Meyers; (j) Joshua Miles; (k) Gregory Moore; (l) David Reed; (m) Vincent Karlson; (n) Brian Shaputis; (o) Michael Marsh; and (p) DOE 1 because amendment is futile.[1] *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Plaintiff alleges that he informed the above-named individuals that he was unlawfully

---

[1] Plaintiff appears to amend his complaint to bring a claim of unlawful re-arrest and confinement against "Dr. Harper." FAC at ¶ 89 (docket no. 35-1). However, Dr. Harper is not included in the caption or listed as a party to this action. Plaintiff's proposed FAC does not include Dr. Harper's first name and Plaintiff provides no information concerning Dr. Harper's involvement in his confinement other than alleging that Dr. Harper was responsible for the implementation of legislation and policies. *Id.* It is unclear to the Court whether Plaintiff intends to amend his complaint to include a claim against Dr. Harper. To the extent Plaintiff seeks to amend his complaint to assert a claim against Dr. Harper, Plaintiff's motion is DENIED without prejudice.

MINUTE ORDER - 1

detained. FAC at ¶¶ 47 & 81 (docket no. 35-1). A plaintiff alleging the deliberate indifference of prison officials "must also demonstrate that the defendants' actions were both an actual and proximate cause of their injuries." *Lemire v. Cal. Dep't of Corrections & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013). Although a lack of response to an inmate's complaints can raise a triable issue of fact regarding an official's deliberate indifference in some circumstances, *see Armstrong v. Squadrito*, 152 F.3d 564, 568, 580 (7th Cir. 1998), the above-named individuals were not the actual cause of Plaintiff's injuries in this case.

(4)  Plaintiff's motion is DENIED without prejudice as to the addition of proposed defendant DOE 2 because amendment is futile. Plaintiff alleges that DOE 2, an intake officer at the Washington Corrections Center ("WCC"), conducted a strip search of Plaintiff pursuant to Washington State Department of Corrections ("DOC") policy when Plaintiff was returned to the WCC. FAC at ¶ 88. Plaintiff does not allege that DOE 2 knew or reasonably should have known that his conduct violated Plaintiff's constitutional rights. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Because DOE 2 was acting in accordance with DOC policy when he strip searched Plaintiff, DOE 2 is entitled to qualified immunity.

(5)  Plaintiff's motion is DENIED without prejudice as to the addition of proposed defendant Tammy Scott because amendment is futile. Plaintiff alleges that Scott, a correctional records technician ("CRT"), was tasked with monitoring Plaintiff's case and ignored the directive. FAC at ¶ 80. However, Plaintiff has not alleged that Scott's conduct was the cause of Plaintiff's confinement. *See Lemire*, 726 F.3d at 1074.

(6)  Plaintiff's motion is DENIED with prejudice as to the addition of proposed defendant Stephen Sinclair because amendment is futile. Despite Plaintiff's contention that he is suing former DOC Secretary Sinclair in his individual capacity, *see* Reply at 4 (docket no. 37), Plaintiff's only allegation against Sinclair is that he approved and signed all relevant DOC policies that allegedly resulted in Plaintiff's confinement. FAC at ¶ 82. Plaintiff does not allege Sinclair's personal participation beyond the official act of signing policies, and Plaintiff cannot sue Sinclair in his official capacity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

(7)  Plaintiff's request for leave to make the remaining amendments is GRANTED. Plaintiff shall electronically file his FAC, docket no. 35-1, subject to and consistent with this order, via the Case Management and Electronic Case Filing ("CM/ECF") system within seven (7) days of the date of this Minute Order. Using the CM/ECF system, Plaintiff shall add any new parties and terminate any parties no longer named in the FAC, consistent with this order. Any answer is due within fourteen (14) days after the FAC complaint is filed. Fed. R. Civ. P. 15(a)(3).

MINUTE ORDER - 2

(8)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 25th day of January, 2022.

Ravi Subramanian<br>
Clerk

s/Gail Glass<br>
Deputy Clerk

MINUTE ORDER - 3