The Honorable Thomas Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DERWIN ROBINSON<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CORRECTIONS; and individually, ROSIE BRISTER, ROBERT HERRERA, JULIE JOHNSON, MICHAEL MARSH, ERIN RYLANDS, MICHAEL SCHEMNITZER.<br><br>    Defendants. | NO. 2:21-cv-00473-TSZ<br><br>Plaintiff's Motion for Reconsideration of Portions of the Minute Order partly denying leave to amend the complaint.  Dkt. # 40.<br><br>Noted for consideration:  1/29/2022 |

## I. PROCEDURAL HISTORY

On January 25, 2022, this Court denied Plaintiff's Motion for Leave to Amend the Complaint (Dkt. # 35) by issuing a Minute Order containing substantive rulings on qualified immunity and causation.  Dkt. # 40.  Plaintiff has conformed the Proposed First Amended Complaint ("FAC," Dkt # 35-1) to the Minute Order and attaches it as Exhibit 1 to Declaration of Millikan, filed with this motion.  Exhibit 2 contains the corrections and alterations proposed herein.

MOTION

LAW OFFICE OF JACKSON MILLIKAN
2540 Kaiser Rd.
Olympia, WA 98502
Telephone: (360) 866-3556
www.MillikanLawFirm.com

Page **1** of **10**

This Motion is followed by a motion to extend the deadline for amending the complaint and adding parties.  Because this Court denied Plaintiff's motion to amend "without prejudice," an extension of the amendment deadline would obviate this Motion for Reconsideration.

## II.   ARGUMENTS FOR RECONSIDERATION

Under Local Rule 7(h), although disfavored, motions for reconsideration may be granted on the basis of "manifest error in the prior ruling or a showing of new facts…."  Both manifest error and new facts support this motion. The purpose of Fed. R. Civ. P. 15(a) is to "facilitate decision on the merits, rather than on the pleadings or technicalities….." Chudacoff v. Univ. Med. Center of S. Nev., 649 F.3d 1143, 1152 (9th Cir. 2011).  This policy is "to be applied with extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (citation omitted). The Minute Order dispensed with every single one of Plaintiff's proposed defendants and, as a result, one entire claim on the basis of technicalities.

a.  **Manifest Error.**

All Plaintiff's proposed substitutions for Defendants DOE were denied.  The Minute Order states that all proposed DOC defendants who ignored Mr. Robinson's pleas to be set free in accordance with the King County Superior Court Release Order "were not the actual cause of Plaintiff's injuries in this case." Dkt. # 40 at 2.  This conclusory statement is both the province of the jury and unsupported by the record.  "[C]ausation is preeminently a question of fact, to be decided after trial." Tahoe Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 34 F.3d 753, 756, amended, 42 F.3d 1306 (9th Cir. 1994).

When a person has been ordered released from prison and requests of intransigent prison officials his immediate release, only two things are possible.  First, the inaction of the officials is

MOTION

Page **2** of **10**

Law Office of Jackson Millikan
2540 Kaiser Rd.
Olympia, WA 98502
Telephone: (360) 866-3556
Jackson@MillikanLawFirm.com

inherently causal to the continued unlawful imprisonment, rendering these officials plausibly liable. Or, second, this Court has divined somehow that DOC would not have released Plaintiff even if the intransigent officials had made the error known to those with the authority to release Plaintiff. The latter conclusion cannot be supported on the current record. It would be an egregious error to presume that DOC would continue to imprison a free man even after custody and transport staff sounded the alarm.

Plaintiff therefore requests that the following transport and custody officials be added prior to his filing of the FAC: John Lee, Martin Miller, Tonya Boykin, Brandon Francisco, Alvin Gaddy, Russel Harold, Robert Marze, Jason Meyers, Joshua Miles, Gregory Moore, David Reed, Vincent Karlson, Brian Shaputis, Michael Marsh, and Kimberly Ames (collectively, the "Transport and Custody Defendants"). Ames was formerly known as DOE 1 and her identity was revealed in discovery after the Minute Order was entered. Ex. 3 at Interrog. 11.

The Minute Order also removes from the jury the preeminently factual question of causation as to Tammy Scott. Dkt. # 40 at 2 ("Plaintiff has not alleged that Scott's conduct was the cause of Plaintiff's confinement."). It is true that the initial Complaint did not allege Scott's conduct was causal. However, the proposed FAC was predicated upon discovery that revealed Scott was in the proverbial 'loop' from the moment the appeals court ordered the trial court to vacate Plaintiff's conviction.

> 80. DOC headquarters had notified Defendant Scott of the vacated felony in April and instructed her to monitor the case on remand. Scott ignored the directive, did not monitor the remanded case, and did not perform any of the release protocols mandated by Judge Roberts' order of commitment and subsequent order of release, or relevant DOC policies until June 27, when she began the Release Audit and emailed CCO Herrera and WCC Records notifying them of Mr. Robinson's urgent need to be released.

Dkt. # 35-1 at 15.

MOTION

LAW OFFICE OF JACKSON MILLIKAN
2540 Kaiser Rd.
Olympia, WA 98502
Telephone: (360) 866-3556
Jackson@MillikanLawFirm.com

Fed. R. Civ. P 8(a)(2) only requires a "short and plain statement of the claim showing that the pleader is entitled to relief…" To this, the Supreme Court has added its own language requiring the short and plain statement describe "plausible" entitlement to relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). If this Court previously had difficulty drawing the inference that the deliberate indifference of the Correctional Records Technician assigned to monitor Plaintiff's exodus from the prison system after a vacated felony is not plausibly causal to the Plaintiff's over-detention, then this Court should earnestly reconsider the pleadings.

The nature of actionable omission makes it less amenable to magic 'causation' words. An excessive force complaint, for instance, might say "by hitting Plaintiff with a baton, Defendant caused Plaintiff's broken nose." When, as here, Plaintiff had been stuck languishing in a status quo ante that was lawful until a court order released him, causation impliedly inheres in phrases such as "being held unlawfully" (Dkt. # 35-1 at 7) and "threatened to pepper spray him if he left his cell" (Id. at 8), and "despite his repeated pleas…he would not be released" and "corrections officers also knew and did nothing" (Id. at 9) and "nobody listened and nobody bothered to read" the release order (Id.), and "the defendants knew and did nothing." Plaintiff expected this Court might also infer that his captors' refusal to let him go was causal to him being stuck in prison when he included,

> The foregoing defendants knew of, disregarded, and disobeyed the black letter of a court order to immediately release Mr. Robinson. They additionally knew of and disregarded the repeated admonitions of Mr. Robinson, Wanda Robinson, and others.

Dkt. # 35-1 at 14.

MOTION

LAW OFFICE OF JACKSON MILLIKAN
2540 Kaiser Rd.
Olympia, WA 98502
Telephone: (360) 866-3556
Jackson@MillikanLawFirm.com

Page 4 of 10

Plaintiff proposes, as one potential remedy, that he be allowed to more clearly express that the foregoing omissions to free him were causal to him not being freed: "The acts and omissions alleged herein were the proximate cause of Mr. Robinson's unlawful detention or the prolonging thereof." That way, when the FAC alleges that Plaintiff was stuck inside prison walls asking prison officials to let him out of prison, and those prison officials refused to do anything, their refusals to let Plaintiff out of prison will henceforth be known as *causal* to Plaintiff remaining in prison.

Of course, the Court did not indicate a flaw with the claims against the other defendants, none of which contain magic words indicating that their acts and omissions were "the cause" of Plaintiff's continued incarceration. Hopefully these claims will not now be dismissed sus sponte.

b. **New Information.**

Since the Minute Order was entered, discovery has revealed the identities of the persons who conducted the strip search after Plaintiff was ordered released. This Court dismissed the only defendant not immune from suit (DOE 2) on the basis of qualified immunity, which destroyed the entire constitutional claim (Dkt. # 35-1, Second Claim).

The new discovery reveals that the strip-search defendant was also a transport officer who unlawfully returned Plaintiff to prison prior to strip searching him. Ex. 3 at Interrogatory No. 12. Plaintiff had notified all transport officers repeatedly before and during the long van ride that he was freed by King County Superior Court. Therefore, Defendants Lee, Miller, and Eagle knew or should have known of Plaintiff's unlawful imprisonment prior to the strip search. DOC policy on strip searching court returns does not include strip searching fee citizens. Therefore, the Minute Order erred when concluding, "[b]ecause DOE 2 was acting in accordance with DOC policy when he strip searched Plaintifff, DOE 2 is entitled to qualified immunity." Dkt. # 40 at 2.

MOTION

Law Office of Jackson Millikan
2540 Kaiser Rd.
Olympia, WA 98502
Telephone: (360) 866-3556
Jackson@MillikanLawFirm.com

Page **5** of **10**

After Plaintiff was set free by Judge Roberts, his subsequent unlawful kidnapping and transport back to WCC was, in a light most favorable to DOC, tantamount to pretrial arrest.

> The law on this point was clearly established at the time of this search: we have previously held that it was clearly established in 1989 "that it is unlawful to strip search an arrestee brought to a jail facility on charges of committing a minor offense, unless the officer directing the search possesses 'a reasonable suspicion that the individual arrestee is carrying or concealing contraband.'"

Edgerly v. City & Cty. of San Francisco, 599 F.3d 946, 958 (9th Cir. 2010) (quoting Act Up!/Portland v. Bagley, 988 F.2d 868, 871–72 (1993) (quoting Giles v. Ackerman, 746 F.2d 614, 617 (9th Cir. 1984), overruled on other grounds by Hodgers-Durgin v. de la Vina, 199 F.3d 1037 (9th Cir. 1999) (citations omitted)).

Thus, qualified immunity was inappropriate for the strip search claim. At the very least, Plaintiff should have been given the benefit of something more than a reply brief in motion practice to amend the complaint. Preventing this issue from at least the briefing available in summary judgment motion practice would be causal to great injustice.

c.  **Scrivener's Errors.**

Minor pleading errors have been cured in motions for reconsideration and motions to amend by interlineation. See e.g. Kindred v. Cabrera, 119CV00901NONEJLTPC, 2022 WL 48290, at *1 (E.D. Cal. Jan. 5, 2022) ("magistrate judge recommended that the court grant plaintiff's motion for reconsideration and allow for amendment of the first amended complaint by interlineation to substitute Laurence Congress for John Doe."); United States v. Indep. Fruit Shippers, 37 F. Supp. 1011, 1012 (E.D. Wash. 1941) ("the saving of 'paper work' would justify my considering a motion by plaintiff to amend by interlineation if such a course is practicable"). Defendants Tina Burges and Donta Harper were pleaded in the facts and claims but omitted from the cover page and Parties section.

MOTION

Law Office of Jackson Millikan
2540 Kaiser Rd.
Olympia, WA 98502
Telephone: (360) 866-3556
Jackson@MillikanLawFirm.com

Page **6** of **10**

In the First Claim of the proposed FAC (Dkt. # 35-1 at 14), Plaintiff has properly alleged that Tina Burgess oversaw the records technicians who should have released Plaintiff. Burgess let Plaintiff and all similarly situated individuals go off to court without "communicating whether [they] were] required to return to DOC." Id. This is why dismissed defendant, King County, even allowed Plaintiff back on the DOC bus, to which King County will testify at trial. The records technicians refused to look up court records because, according to Burgess, King County charged too much to download them. Id. ("Burgess ratified CRTs' reluctance to request court orders from King County because of a trifling fee.') Burgess also ensured Plaintiff's "rights would be violated" by accepting "court returns without paperwork…." Id. Burgess should have known that these absurd practices would lead to over-detention.

"The acts and omissions of [Burgess, inter alia] amounted to deliberate indifference to [Plaintiff's] liberty interests. The policies, lack of policies, supervision, and ratification were moving forces causal to the deliberate indifference of all defendants." Dkt. # 35-1 at 16. Burgess was not addressed by the Minute Order, so Plaintiff has kept her name in the First Claim caption and hopes this Court will permit it to be added to the cover page caption and Parties section.

In the Third Claim of the proposed FAC (Dkt. # 35-1 at 18), Plaintiff has properly alleged that Defendant Dr. Donta Harper, who has been thoroughly deposed, admitted to being responsible for the "implementation" of policies that clearly contravene and exceed their statutory and Constitutional authority. Dr. Harper's "policies and supervisory deficiencies were the moving force behind [Plaintiff] -having just spent 612 extra days in DOC custody- being unconstitutionally re-arrested the day after his release and spending 13 more days in custody…." Dkt. # 35-1 at 18-19. Dr. Harper was also added to the caption of the proposed FAC Third Claim but omitted from the

MOTION

Law Office of Jackson Millikan
2540 Kaiser Rd.
Olympia, WA 98502
Telephone: (360) 866-3556
Jackson@MillikanLawFirm.com

Page 7 of 10

caption on the cover page and the Parties section. As would have been better explained in something more than a reply brief, supervisory constitutional tortfeasors are not insulated from liability by virtue of their having imposed unconstitutional policies.

> When a supervisory official advances or manages a policy that instructs its adherents to violate constitutional rights, then the official specifically intends for such violations to occur. Claims against such supervisory officials, therefore, do not fail on the state of mind requirement, be it intent, knowledge, or deliberate indifference.

OSU Student All. v. Ray, 699 F.3d 1053, 1076 (9th Cir. 2012).

Therefore, Burgess, Harper and Sinclair should also be added to as defendants. Burgess let her records technicians ignore appellate mandates vacating prison terms, ignore prisoners' legal status in transit from court, permitted them to forgo checking court records because of the inconvenience of a trifling document download fee, and disobey trial and appellate court orders. Dkt. # 35-1 at 14-15. Harper admitted responsibility for implementing policies that directly contravene community custody prisoners' statutory rights to pre-arrest record review, allocation of time served, speedy hearing, and the benefits of having corrections officers use discretion as to whether arrest need occur at all. Id. at 18-19.

Sinclair is not proposed simply because his hand formed the shape to hold a pen and then scribed his name on a policy. Sinclair advanced and managed policies that he knew would unconstitutionally hold all inmates by sending them off to court without releasing them of DOC holds, and of tying the release audit process only to earned release date, which leaves those with vacated sentences begging for freedom.

### III.   CONCLUSION

MOTION

Law Office of Jackson Millikan
2540 Kaiser Rd.
Olympia, WA 98502
Telephone: (360) 866-3556
Jackson@MillikanLawFirm.com

Page **8** of **10**

Despite the clear intention of Washington State to waive sovereign immunity "to the same extent as if it were a private person," Plaintiff cannot sue DOC directly. RCW 4.92.090. As this Court is well aware, this conundrum has the result of severely handicapping § 1983 plaintiffs, who are forced to root out the liable individuals from behind prison walls, reluctantly forcing these individuals to devote their time and reputations to a case that would otherwise be prosecuted against their employer. Perhaps no other situation is better suited to the Rule 15(a)(2) mandate that amendment be permitted "when justice so requires." Stated another way, precluding the proposed defendants from this litigation would *cause* Plaintiff the great injustice of losing his otherwise valid claims for want of an appropriate, non-immune, individual defendant.

### IV.   RELIEF REQUESTED

Plaintiff, therefore, respectfully requests the following:

1. That this Court infer that Plaintiff's allegations of inaction by those unlawfully keeping him in prison were *causal* to him being kept in prison unlawfully, or in the alternative,

   a. Prior to filing the FAC, permit Plaintiff to add the following sentence to each claim: "The acts and omissions alleged herein were the proximate cause of Mr. Robinson's unlawful detention or the prolonging thereof."

2. That this Court permit Plaintiff to, prior to filing the FAC, add all Transport and Custody Officials as named defendants under the First Claim in accordance with Exhibit 2.

3. That this Court permit Plaintiff to, prior to filing the FAC, add Tammy Scott as a defendant under First Claim in accordance with Exhibit 2.

MOTION

LAW OFFICE OF JACKSON MILLIKAN
2540 Kaiser Rd.
Olympia, WA 98502
Telephone: (360) 866-3556
Jackson@MillikanLawFirm.com

Page **9** of **10**

4. That this Court permit Plaintiff to, prior to filing the FAC, add Transport Officials John Lee, Martin Miller, and Jack Eagle as defendants under the strip search claims (Deleted Second Claim, Dkt. # 35-1 at 17; Fifth Claim, Ex. 1) in accordance with Exhibit 2.

5. That this Court permit Plaintiff to, prior to filing the FAC, add Stephen Sinclair as a defendant under the First Claim in accordance with Exhibit 2.

6. That this Court permit Plaintiff to, prior to filing the FAC, correct the following scrivener's errors in accordance with Exhibit 2:

    a. Add Defendant Dr. Donta Harper to the case caption and Parties section.

    b. Add Defendant Tina Burgess to the case caption and Parties section.

In the alternative to the foregoing, Plaintiff requests approval of his pending Motion for Extension of the deadline to amend the FAC in accordance with Exhibit 2 or as directed in a future Order on Motion to Amend the FAC.

s/ Jackson Millikan
Jackson Millikan, WSBA # 47786
Attorney for Plaintiff

MOTION

LAW OFFICE OF JACKSON MILLIKAN
2540 Kaiser Rd.
Olympia, WA 98502
Telephone: (360) 866-3556
Jackson@MillikanLawFirm.com

Page **10** of **10**